Clark v. Clark.

# JOHN M. CLARK
## v.
# CHARLOTTE F. CLARK.

*Divorce—Incest—Desertion—Condonation—Attorney and Client—Privileged Communications—Delay.*

1. Upon a bill for divorce charging the defendant with incest, the evidence being conflicting, this court declines to interfere with the verdict for the complainant.

5. It is proper to refuse an instruction to the effect that, if the complainant had sexual intercourse with the defendant after she knew that he had committed incest, she thereby condoned the offense.

3. In the case presented, it was proper to admit parol statements made by the daughter at the time she signed a statement to the effect that the defendant had not been guilty of incest with her, such statement having been introduced to impeach her.

4. It was also proper to exclude the names of witnesses who appeared before the grand jury, there being no claim of variance between their evidence then and at the trial below. It is to be presumed that they appeared before the grand jury in obedience to law, and such appearance, if shown, would not indicate bias or prejudice against the defendant.

5. In the absence of a cross-bill, the complainant may dismiss a bill for divorce at any time prior to a decree. Such dismissal upon payment of solicitor's fees and alimony, does not amount to a condonation of previous acts of adultery.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of Vermillion County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. CONSIDER H. WILLETT and CHARLES P. JOHNSON, for appellant.

Messrs. W. R. LAWRENCE, C. A. ALLEN and H. M. STEELEY, for appellee.

CONGER, J.    This was a bill for divorce, charging appellant with incest with his daughter, India, and also with desertion. A decree was rendered as prayed, and appellant brings the record to this court and assigns a number of errors, which we shall notice in the order they are presented in the brief of appellant's counsel.

It is first insisted that the Circuit Court erred in excluding from the jury evidence tending to show who were the witnesses before the grand jury to procure an indictment against appellant upon the charge of incest with his daughter India, for the purpose of showing, as claimed by appellant's counsel, the bias or prejudice existing in the minds of the witnesses introduced upon the trial of the bill for divorce. The fact, if shown, that any of the witnesses introduced upon the trial of the divorce suit were also before the grand jury, would show nothing as to their feelings toward appellant, for it would be presumed they appeared before the grand jury in obedience to law. Had they made different statements before the grand jury from those made during the trial, that could have been shown for the purpose of impeachment, but no claim of that character is made. We think there was no error in the ruling of the court upon this question.

It appears that appellee had previously filed a bill for divorce, and that upon receiving from appellant $2,000 in settlement of attorney's fees and alimony she had dismissed her suit, and it is next urged that this was a condonation of the charges contained in the present bill.

By our statute the process, practice and proceedings in bills for divorce shall be the same as in other cases in chancery, and the practice in chancery is well settled that the complainant, at any time prior to a decree, has the right, unless a cross-bill has been filed, to control the fortunes of his own bill, and

dismiss it, as a matter of course. Mohler v. Wiltberger, 74 Ill. 164.

Neither do we think there is anything in the point made that there was condonation by delay in filing the bill. We think the delay was not unreasonable, and was sufficiently explained.

The next objection made is that the court refused to give the jury an instruction that if appellee had sexual intercourse with appellant after she knew that the incest had been committed, such act would condone the adultery of the husband.

This instruction was properly refused ; first, because there was really no sufficient evidence upon which to base it ; and secondly, it is too general in its language. To have such an effect, the intercourse upon appellee's part must have been voluntary. The language of the instruction would embrace any act of sexual intercourse, even though procured by force upon the part of the husband, and resisted by the wife.

It is next objected that it was improper to show the statements of India Clark made at the time she executed a written statement in which she declared that her father had not been guilty of the crime of incest with her.

Such written statement was placed in evidence to contradict her evidence given during the trial, and was no more than proving her verbal statements made prior to the trial for the purpose of impeaching her ; hence it follows that all that she said at the time of making such supposed contradictory statement was proper to go to the jury.

Her written statement was not a contract, and therefore all the authorities relied upon to show that a written contract can not be changed or modified by verbal statements or explanations made at the time, are not in point.

We have carefully examined the record upon the point made that privileged communications were given in evidence, contrary to the well established rule of law in such case, and while professional etiquette was not kept at the high standard to be desired, we can not say that the rule itself has been violated.

As to the merits of the case, we do not care to enter into

details. The charge was a revolting one, but the jury were the sole judges of the relative weight of the evidence of appellant and his daughter, the two principal witnesses upon that point, and as they have chosen to believe the daughter's statement of the affair, we see no good reason for interfering.

The decree of the Circuit Court will be affirmed.

*Decree affirmed.*